UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
LEOCADIO JIMENEZ,                                           Case No.:

                                    Plaintiff,

                    -vs.-
                                                            **COMPLAINT**

BOSIE, LLC d/b/a BOSIE TEA PARLOR,
MARIE ARUN TEAS INC., NILESH DAWDA
and JESSICA MASSIAS,

                                    Defendants.
-------------------------------------------------------------X

        Plaintiff, LEOCADIO JIMENEZ, by and through his attorneys, the LAW OFFICES

OF WILLIAM CAFARO, complaining of the Defendants, hereby alleges as follows:


                              *NATURE OF CASE*

        1.      This is a civil action for damages and equitable relief based upon Defendant's

flagrant and willful violations of Plaintiff's rights guaranteed to him by: (i) the overtime

provisions of the Fair Labor Standards Acts ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime

provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. &

Regs. ("NYCCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers provide

on each payday proper wage statements to their employees containing specific categories of

accurate information, NYLL § 195(3); (iv) the requirement that employers furnish employees

with a wage notice at the time of hiring and/or on an annual basis containing specific

categories of information, NYLL § 195(1); (v) the requirement that employers pay spread of

hours premiums under the NYCCRR tit. 12 § 142 et seq. and (vi) any other claim(s) that can

be inferred from the facts set forth herein.

### *THE PARTIES*

2.      Plaintiff LEOCADIO JIMENEZ, (hereinafter "Mr. Jimenez" or "Plaintiff") is an individual residing in New York County, New York.

3.      Defendant BOSIE, LLC d/b/a BOSIE TEA PARLOR (hereinafter "Bosie Tea Parlor") was and is a domestic limited liability company..

4.      Upon information and belief, Bosie Tea Parlor's principal place of business is located at 506 LaGuardia Place, New York, NY 10012.

5.      Defendant MARIE ARUN TEAS INC. (hereinafter "Marie Arun Teas") was and is a domestic business corporation.

6.      Upon information and belief, Marie Arun Teas principal place of business is located at 506 LaGuardia Place, New York, NY 10012.

7.      Upon information and belief, Defendant NILESH DAWDA, (hereinafter "Dawda") is an individual, whose actual place of business is located at 506 LaGuardia Place, New York, NY 10012.

8.      Upon information and belief, at all times herein pertinent, Defendant Dawda, served as a principal, officer and/or manager of Defendants Bosie Tea Parlor and Marie Arun Teas.

9.      At all times herein relevant, upon information and belief, Dawda is one of the ten largest shareholders as determined by the fair value of the beneficial interest of Defendants Bosie Tea Parlor and Marie Arun Teas.

10.      Prior to the filing of this action, Defendant Dawda was served with a notice pursuant to N.Y. Bus. Corp. Law § 630.

11.      Prior to the filing of this action, Defendant Dawda was served with a notice pursuant to N.Y. Limited Liability Co. Law § 609.

12.      By operation of law, pursuant to the notices above, Defendant Dawda is personally liable for unpaid wages to the Plaintiff.

13.      Defendant Dawda is listed as one of the Principal Officers of Bosie Tea Parlor in filings with New York State Liquor Authority.

14.      Defendant Dawda is listed as one of the Principal Officers of Marie Arun Teas in filings with New York State Liquor Authority.

15.      Upon information and belief, Defendant JESSICA MASSIAS, (hereinafter "Massias") is an individual, whose actual place of business is located at 506 LaGuardia Place, New York, NY 10012.

16.     Upon information and belief, at all times herein pertinent, Defendant Massias, served as a principal, officer and/or manager of Defendants Bosie Tea Parlor and Marie Arun Teas.

17.     At all times herein relevant, upon information and belief, Massias is one of the ten largest shareholders as determined by the fair value of the beneficial interest of Defendants Bosie Tea Parlor and Marie Arun Teas.

18.     Prior to the filing of this action, Defendant Massias was served with a notice pursuant to N.Y. Bus. Corp. Law § 630.

19.     Prior to the filing of this action, Defendant Massias was served with a notice pursuant to N.Y. Limited Liability Co. Law § 609.

20.     By operation of law, pursuant to the notices above, Defendant Massias is personally liable for unpaid wages to the Plaintiff.

21.     Defendant Dawda is listed as one of the Principal Officers of Bosie Tea Parlor in filings with New York State Liquor Authority.

22.     Upon information and belief, for the calendar year 2016 the gross receipts of Bosie Tea Parlor were not less than $500,000.00.

23.     Upon information and belief, for the calendar year 2017 the gross receipts of Bosie Tea Parlor were not less than $500,000.00.

24.     Upon information and belief, for the calendar year 2018 the gross receipts of Bosie Tea Parlor were not less than $500,000.00.

25.     Upon information and belief, for the calendar year 2019 the gross receipts of Bosie Tea Parlor will not be less than $500,000.00.

26.     Upon information and belief, for the calendar year 2016 the gross receipts of Marie Arun Teas were not less than $500,000.00.

27.     Upon information and belief, for the calendar year 2017 the gross receipts of Marie Arun Teas were not less than $500,000.00.

28.     Upon information and belief, for the calendar year 2018 the gross receipts of Marie Arun Teas were not less than $500,000.00.

29.     Upon information and belief, for the calendar year 2019 the gross receipts of Marie Arun Teas will not be less than $500,000.00.

30.     Upon information and belief Defendants Dawda and Massias own all the beneficial interest in the entity defendants Bosie Tea Parlor and Marie Arun Teas.

31.     Upon information and belief, the entity Defendants Bosie Tea Parlor and Marie Arun Teas are operated under common ownership, the individual defendants herein.

32.     Upon information and belief, the entity Defendants Bosie Tea Parlor and Marie Arun Teas are operated under common management, the individual defendants herein.

33.     Upon information and belief, the entity Defendants Bosie Tea Parlor and Marie Arun Teas have a single intergraded business purpose.

34.     Upon information and belief, the entity Defendants Bosie Tea Parlor and Marie Arun Teas are operated as a single intergraded enterprise.

35.     Upon information and belief, Defendants Dawda and Massias conducted substantially all the management functions of defendants Bosie Tea Parlor and Marie Arun Teas.

36.     Upon information and belief Defendants Dawda and Massias owns all the beneficial interest in the entity defendants Bosie Tea Parlor and Marie Arun Teas.

37.     Upon information and belief, the individual defendants Dawda and Massias consider and resolve payroll, scheduling, and human resource issues for the entity defendants Bosie Tea Parlor Marie Arun Teas. This includes, but is not limited to, assigning employees shifts, mode and methods of payment, and employment locations.

### *JURISDICTION AND VENUE*

38.      Jurisdiction is based upon 28 U.S.C. § 1331, insofar as it involves a statute of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and Plaintiff relies upon 28 U.S.C. § 1367 to invoke supplemental jurisdiction with respect to the state law claims which form another basis for recovery upon the same factual nexus, specifically Articles 6 & 19 of the Labor Law and related New York State Department of Labor regulations.

39.      Venue is based upon 28 U.S.C. § 1391(b)(1), insofar as at least one of the Defendants resides within this Judicial District, and (b)(2), insofar as a substantial part of the events giving rise to the within causes of action occurred in this Judicial District.

### *FACTUAL ALLEGATIONS*

40.      At all times herein pertinent, the Defendants, and each of them, were engaged in an industry having an affect on commerce within the meaning of 29 U.S.C. § 203.

41.      At all times herein pertinent, and in the course of his duties, Plaintiff regularly handled products which had been moved in commerce, including, but not limited to, pots, pans, forks, plates, spoons, knives and towels.

42.      Plaintiff's primary duties did not include the exercise of discretion and independent judgment with respect to any matters of significance.

43.      Bosie Tea Parlor operates as a restaurant, tea parlor & catering.

44.     Marie Arun Teas operates as a restaurant, tea parlor & catering.

45.     Mr. Jimenez was employed by the Defendants from on or about June 15, 2013 until on or about August 15, 2019.

46.     Throughout his employment with the Defendants, Mr. Jimenez was assigned various duties including but not limited to preparing and cooking various food items.

47.     Throughout his employment with the Defendants, Mr. Jimenez worked Mondays and Sundays from 8:00am until 9:00pm, Wednesdays through Fridays, inclusive, from 2:00pm until 9:00pm, and Saturdays from 11:00 until 9:00pm.

48.     Throughout his employment with the Defendants, one day per week, Defendants required Mr. Jimenez to arrive two hours before the schedule outlined above in order to assist with the Defendants' catering business.

49.     Form the beginning of his employment until on or about June 30, 2019, Mr. Jimenez was paid an hourly rate of $15.00 per work hour, up to the first 40 hours.

50.     From on or about July 1, 2019 until on or about August 15, 2019, Mr. Jimenez was paid an hourly rate of $17.00 per work hour, up to the first 40 hours.

51.     Plaintiff regularly worked for the Defendants in excess of forty (40) hours a week but was not compensated at one and one half times his regular rate of pay for those overtime hours.

52.     Rather, in an attempt to circumvent well established Federal and State Law, Defendants paid Mr. Jimenez $11.00 per hour for each overtime hour worked.

53.     Plaintiff did not receive one additional hour of pay at the prevailing minimum wage for each day during which there was a split shift and/or the spread of hours exceeded 10 hours.

54.     Defendants failed to provide Plaintiff with any wage statements that reflected the amount of hours he worked, his regular rate of pay or his overtime rate of pay for each hour he worked in excess of forty hours in a given workweek.

55.     Defendants intentionally did not provide Plaintiff with a wage notice at the time of his hire, or at any time thereafter, containing any of the following information: his rates of pay and basis thereof; whether Plaintiff was paid by the hour, shift, day, week, salary, piece, commission, or other; whether any allowances were claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by Defendant; the name and physical addresses of Defendant; any "doing business as" names used by Defendant; and Defendant's mailing addresses and telephone numbers.

56.     Defendants Dawda and Massias had the power to hire employees at Bosie Tea Parlor and Marie Arun Teas.

57.     Upon information and belief, Defendants Dawda and Massias had the power to fire employees at Bosie Tea Parlor and Marie Arun Teas.

58.     While at Bosie Tea Parlor and Marie Arun Teas Defendants Dawda and Massias controlled the terms of the Plaintiff's employment in that they would tell him what tasks to complete and on what time frame they needed to be completed.

59.     Upon information and belief, Defendants Dawda and Massias controlled the work schedule of all of the employees of Bosie Tea Parlor and Marie Arun Teas, including the Plaintiff's work schedule.

60.     Upon information and belief, the Defendants Dawda and Massias controlled the rates and methods of payment of each of the employees of Bosie Tea Parlor and Marie Arun Teas, including the Plaintiff's pay rates and methods of pay.

61.     Defendant Massias paid the Plaintiff his wages and the wages of all other employees at Bosie Tea Parlor and Marie Arun Teas.

62.     At all times herein pertinent, the Plaintiff performed his duties for Defendants Bosie Tea Parlor and Marie Arun Teas at the direction and under the control of Defendants Dawda and Massias.

63.     Upon information and belief, and at all times herein pertinent, Defendants Dawda and Massias exercised close control over the managerial operations of Bosie Tea Parlor and Marie Arun Teas, including the policies and practices concerning employees.

64.     At all times herein pertinent, Defendants Dawda and Massias controlled the terms and conditions of employment, supervised employees, made decisions as to hiring and firing and as to wages with respect to the employees of Bosie Tea Parlor and Marie Arun Teas in general, and with respect to the Plaintiff in particular.

65.     At all times herein pertinent, Defendants Dawda and Massias acted as the Plaintiff's employers within the meaning of the FLSA and the New York State Labor Law.

66.     The Defendants did not create or maintain records showing the precise number of hours Plaintiff worked or of wages earned.

67.     Plaintiff alternatively allege that Defendants created records showing the number of hours Plaintiff worked and/or of wages earned, but upon information and belief, has not maintained them as required by law.

68.     Upon information and belief, Defendants, at the time of hire, failed to give the Plaintiff a wage notice that conforms with New York law.

69.     Upon information and belied, Defendants failed to give the Plaintiff a wage statement with every payment of wages.

70.     Defendants acted in the manner described herein so as to maximize their profits while minimizing their labor costs.

71.     Every hour that Plaintiff worked was for Defendants' benefit.

### AS AND FOR A FIRST CAUSE OF ACTION
### FEDERAL FAIR LABOR STANDARDS ACT
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (OVERTIME)

72.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

73.     Defendants were required to directly pay the Plaintiff an overtime premium of one and one half times the Plaintiff's regular rate of pay for all hours worked over forty (40) in a given workweek.

74.     Defendants failed to pay the Plaintiffs the overtime wages to which the Plaintiff was entitled under the FLSA.

75.     All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

### AS AND FOR A SECOND CAUSE OF ACTION
### STATE WAGE AND HOUR LAW
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (OVERTIME)

76.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

77.     At all times herein pertinent, the Plaintiff is and was an employee of Defendants within the meaning of the New York Labor Law.

78.     Defendants are joint employers of the Plaintiff within the meaning of the New York Labor Law.

79.     The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants.

80.     Defendants have failed to pay the Plaintiff the overtime wages to which he is entitled under the New York Labor Law.

81.     By Defendants' failure to pay the Plaintiff premium overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the New York Labor Law Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

### AS AND FOR A THIRD CAUSE OF ACTION
### STATE WAGE AND HOUR LAW
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (FAILURE TO PAY SPREAD OF HOURS)

82.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

83.     The Defendants herein knowingly, willfully and in bad faith violated Articles 6 & 19 of NYLL, and more particularly 12 NYCRR § 146-1.6, by failing to pay Plaintiff, one additional hour of pay at the prevailing minimum wage for each day during which there was a split shift and/or the spread of hours exceeded 10 hours.

84.     Through their knowing or intentional failure to pay Plaintiff spread-of-hours pay, Defendants have willfully violated the NYLL, Article 19, § § 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

85.     Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid spread-of-hours wages, liquidated damages, as provided for by the NYLL, reasonable attorneys' fees, costs, and prejudgment and post-judgment interest.

### AS AND FOR A FOURTH CAUSE OF ACTION
### NEW YORK STATE LABOR LAW
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (FAILURE TO PROVIDE ANNUAL WAGE NOTICES)

86.     Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

87.     Defendants have willfully failed to furnish the Plaintiff with annual wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

88.     Through their knowing or intentional failure to provide the Plaintiff with the annual wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

### *AS AND FOR A FIFTH CAUSE OF ACTION*
### *NEW YORK STATE LABOR LAW*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(FAILURE TO PROVIDE WAGE STATEMENTS*

89.     Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

90.     Defendants have willfully failed to furnish the Plaintiff with statements with every payment of wages as required by NYLL, Article 6, § 195(3), listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular and overtime hours worked.

91.     Through their knowing or intentional failure to provide the Plaintiff with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

**WHEREFORE**, Plaintiff prays for judgment as against the Defendants, and each of them, as follows:

a) awarding back pay for overtime pay due and owing to the Plaintiff;

b) awarding back pay for spread-of-hours & split-shift pay due and owing to the Plaintiff;

c) Declaring that Defendants violated the provisions of the NYLL relating to notice and record keeping requirements regarding employees, and awarding Plaintiff statutory damages and any other relief authorized under the NYLL for violations of those requirements;

d) awarding liquidated damages pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);

e)  awarding the costs and disbursements of this action, along with reasonable

attorney's fees pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor

Law, Articles 6 & 19, §§ 198(1-a), 663(1);

f)  awarding any other relief this Court deems just, proper and equitable.


Dated:  New York, New York
        December 17, 2019

LAW OFFICES OF WILLIAM CAFARO

_____
Amit Kumar, Esq. (AK0822)
*Attorneys for Plaintiff*
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400
AKumar@Cafaroesq.com