# MEMO ENDORSED



## LAW OFFICES OF WILLIAM CAFARO

*William Cafaro, Esq.*
*Partner*
ADMITTED IN NY, CA, MD & TX
Email: *bcafaro@cafaroesq.com*

*Amit Kumar, Esq.*
*Managing Attorney*
ADMITTED IN NY & NJ
Email: *akumar@cafaroesq.com*

*Andrew S. Buzin, Esq.*
*Of Counsel*
ADMITTED IN NY, FL & DC

108 West 39th Street, Suite 602
New York, New York 10018
Telephone: 212.583.7400
Facsimile: 212.583.7401
*www.cafaroesq.com*

*Louis M. Leon, Esq.*
*Associate*
ADMITTED IN NY
Email: *lleon@cafaroesq.com*

*Matthew S. Blum, Esq.*
*Of Counsel*
ADMITTED IN NY
Email: *ablum@cafroesq.com*

*Deena L. Buchanan, Esq.*
*Of Counsel*
ADMITTED IN NM & NJ

November 16, 2020

*Via ECF*
Hon Edgardo Ramos, USDJ
United States Courthouse
40 Foley Square
New York, NY 10007

> Defendants are directed to respond by Thursday, November 19, 2020.
>
> So ordered.
>
> _____
> Edgardo Ramos, U.S.D.J
> Dated: 11/16/2020
> New York, New York

Re:   Jimenez v. Bosie LLC et al
Case No.: 19-cv-11570

Your Honor,

This firm represents the Plaintiff in the above referenced FLSA matter. We write to respectfully request an Order, pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, (1) compelling Defendants fully respond to Plaintiff's demand pursuant to SDNY Local Civil Rule 26.1 dated September 28, 2020 and state the individual defendants' "residence and domicile, and any state or other jurisdiction of which that party is a citizen for purposes of 28 U.S.C. § 1332;" (2) compelling Defendants to respond to Plaintiff's discovery demands dated October 7, 2020 without objections; and (3) awarding Plaintiff attorneys' fees associated with having to make this motion. Should the latter part be granted, we request permission to submit a fee application.

After the Court vacated a default against the Defendants, Defendant Nilesh Dawda has moved to dismiss the Complaint against him on the basis of defective service of process. *See*, D.E. 33; 35. On September 28, 2020 Plaintiff served a demand for addresses pursuant to Local Civil Rule 26.1, on the defendants and each of them. *See*, Ex. 1. The request at issue states:

> For each defendant furnish a verified statement setting forth the following: (a) If the responding party is a natural person, that party's residence and domicile, and any state or other jurisdiction of which that party is a citizen for purposes of 28 U.S.C. § 1332;

Ex. 1. On October 14, 2020, Defendants sent an *unverified* response, appended hereto as Exhibit 2, which stated:

> Objection this question is improper and more appropriate for a deposition, without waiving the objection defendants respond as follows: Defendants are not in possession of the requested information at this time. If and when defendants possess the requested information it will be provided to plaintiff in accordance with FRCP 26.

Ex. 2.  The response is wholly improper and the objections are without merit.  Moreover, Defendants failed to verify their responses as required under the local rule,  See, Local Civil Rule 26.1.  AS such, the Defendants' objections must be stricken and Defendants should be compelled to fully respond to this demand without objections.

Next, on October 7, 2020, the Plaintiff sent discovery demands to the Defendants consisting of interrogatories, document demands and requests for admission.  To date, the Defendants have failed to provide *any* responses in compliance with the Plaintiff's demand.  Despite numerous attempts to contact Defendants' counsel concerning their discovery deficiencies, Defendants have refused to meet and confer and have refused to explain to Plaintiff's counsel when they plan on complying with their discovery obligations.  Instead they have stated that the Defendants will respond "as soon as possible."

In light of the foregoing, Plaintiff respectfully requests that the Court grant an Order (1) compelling Defendants fully respond to Plaintiff's demand pursuant to SDNY Local Civil Rule 26.1 dated September 28, 2020;  and (2) compelling Defendants to respond to Plaintiff's discovery demands dated October 7, 2020 without objections.  *See*, *Quartey v. Schiavone Construction Co. LLC*, 2013 WL 458064, at *3 (E.D.N.Y. Feb. 6, 2013) (citing *Cohalan v. Genie Indus., Inc.*, 276 F.R.D. 161, 163 (S.D.N.Y. 2011)) (""A failure to respond or object to a discovery request in a timely manner waives any objection which may have been available."); *see also Labarbera v. Absolute Trucking, Inc.*, 2009 WL 2496463, at *1-2 (E.D.N.Y. Aug. 12, 2009) (finding that by missing the response deadline and failing to show good cause for not responding to the interrogatories, defendant had waived its rights to object to plaintiffs' discovery requests). Plaintiff further requests that "after giving an opportunity to be heard, require [Defendants] whose conduct necessitated the motion . . . to pay the [movants'] reasonable expenses incurred in making the motion, including attorney's fees.*" Restis v. Am. Coalition Against Nuclear Iran*, 2014 WL 1870368, at *4 (S.D.N.Y. Apr. 25, 2014).

Thank you.

Respectfully Submitted,
LAW OFFICE OF WILLIAM CAFARO

\_\_ _____
By: Amit Kumar, Esq. (AK 0822)
*Attorneys for Plaintiffs*

CC:
All Counsel of Record (via ECF)