**MEMO ENDORSED**
See last page.

# LAW OFFICES OF WILLIAM CAFARO

*William Cafaro, Esq.*
*Partner*
ADMITTED IN NY, CA, MD & TX
Email: *bcafaro@cafaroesq.com*

*Amit Kumar, Esq.*
*Managing Attorney*
ADMITTED IN NY & NJ
Email: *akumar@cafaroesq.com*

*Andrew S. Buzin, Esq.*
*Of Counsel*
ADMITTED IN NY, FL & DC

108 West 39th Street, Suite 602
New York, New York 10018
Telephone: 212.583.7400
Facsimile: 212.583.7401
*www.cafaroesq.com*

*Louis M. Leon, Esq.*
*Associate*
ADMITTED IN NY
Email: *lleon@cafaroesq.com*

*Matthew S. Blum, Esq.*
*Of Counsel*
ADMITTED IN NY
Email: *ablum@cafroesq.com*

*Deena L. Buchanan, Esq.*
*Of Counsel*
ADMITTED IN NM & NJ

January 4, 2021

*<u>Via ECF</u>*
Hon Edgardo Ramos, USDJ
United States Courthouse
40 Foley Square
New York, NY 10007

      Re: Jimenez v. Bosie LLC et al
        Case No.: 19-cv-11570

Your Honor,

  This firm represents the Plaintiff in the above referenced FLSA matter. We write to respectfully request an Order, pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, (1) compelling Defendants fully respond to Plaintiff's demand pursuant to SDNY Local Civil Rule 26.1 dated September 28, 2020 and state the individual defendants' "residence and domicile, and any state or other jurisdiction of which that party is a citizen for purposes of 28 U.S.C. § 1332;" (2) compelling defendants to produce their tax returns; (3) compelling Defendants to produce verifications to the Defendants' responses to Plaintiffs' interrogatories; (4) striking defendants boiler plate objections to the Plaintiffs' discovery demands; (5) compelling production of any audio files which correspond to any transcripts which were produced during discovery or precluding the use of said transcript and audio file in a deposition, motion practice, or trial for the prosecution, defense, or rebuttal of any claim or defense herein; (6) compelling defendants to produce a privilege log to the extent they are asserting any claim of privilege; and (7) awarding Plaintiff attorneys' fees associated with having to make this motion. Should the latter part be granted, we request permission to submit a fee application.

  This letter[1] represents Plaintiff's last resort following frustrated efforts to extract necessary, highly relevant and probative information from Defendants. Unfortunately, Defendants have resisted and obstructed all of Plaintiff's discovery requests from the inception of the discovery period. As a result, Plaintiff is forced to seek Court intervention.

*<u>Factual Background and Procedural History</u>*

  After the Court vacated a default against the Defendants, Defendant Nilesh Dawda has moved to dismiss the Complaint against him on the basis of defective service of process. *See*, D.E.

---

[1] We apologize for going over Your Honor's page limit as set forth in the Court' Individual Rules of Practice. However, we respectfully request this submission be accepted in its entirety.

33; 35. On September 28, 2020 Plaintiff served a demand for addresses pursuant to Local Civil Rule 26.1, on the defendants and each of them. *See*, **Exhibit 1**. On October 7, 2020, Plaintiff also served other discovery demands in this action. A copy of the Plaintiff's interrogatories are appended hereto as **Exhibit 2**. A copy of the Plaintiff's First Request for Documents is appended hereto as **Exbibit 3**. After Defendants failed to respond, Plaintiff moved to compel on November 16, 2020. See, D.E. 40. In response to our motion, Defendants responded to the outstanding discovery demands. A copy of the Defendants' Response to our Rule 26.1 demand is appended as **Exhibit 4**. A copy of Defendants' response to interrogatories is appended hereto as **Exhibit 5**. A copy of Defendants response to document demands is appended hereto as **Exhibit 6**. As Defendants' responses were substantially non-responsive to legitimate, relevant and material discovery requests, on November 25, 2020, the parties conducted a meet and confer via telephone between the undersigned and Defendants' counsel Robert Rambadadt, Esq. After not receiving agreed to discovery for over a month, this letter motion follows.

*Defendants Must be Compelled to Fully Respond to Plaintiff's demand pursuant to SDNY Local Civil Rule 26.1.*

The request at issue states:

> For each defendant furnish a verified statement setting forth the following: (a) If the responding party is a natural person, that party's residence and domicile, and any state or other jurisdiction of which that party is a citizen for purposes of 28 U.S.C. § 1332;

Ex. 1. On October 14, 2020, Defendants sent an ***unverified*** response, appended hereto as Exhibit 2, which stated:

> Objection this question is improper and more appropriate for a deposition, without waiving the objection defendants respond as follows: Defendants are not in possession of the requested information at this time. If and when defendants possess the requested information it will be provided to plaintiff in accordance with FRCP 26.

Ex. 4. The response is wholly improper and the objections are without merit. Moreover, Defendants failed to verify their responses as required under the local rule. *See*, Local Civil Rule 26.1. AS such, the Defendants' objections must be stricken and Defendants should be compelled to fully respond to this demand without objections. To the extent that any of the Defendants fail to give full verified responses to this demand, Defendants' counsel should be deemed, for the purposes of this litigation, that Defendant's residence and domicile.

*Defendants' Must be Compelled to Produce their Tax Returns*

On October 7, 2020, the Plaintiff demanded the Plaintiff's tax returns from the years 2016 to the present. *See*, Exhibit 3 at ¶ 38. In response to this targeted demand, Defendants objected by stating:

> Defendants object to this request as overly broad, vague. unduly burdensome, ambiguous, duplicative and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the above objections, Defendants are not currently in possession of documents relevant to this request.

Exhibit 6 at ¶ 38. These boilerplate objections lack any merit and is specifically targeted so that the Plaintiff receives relevant documents. Specifically, the documents are necessary to prove that the entity defendants are an enterprise engaged in commerce under the FLSA. Moreover, the individual Defendants' tax returns are necessary to prove employer status under the FLSA. Given these legitimate requests, Defendants' objections and failure to produce these documents is absurd and they should be compelled to produce their tax returns. *See, Yong F. Ke v. 85 Fourth Ave., Inc.*, 07-cv-6897 2009 U.S. Dist. LEXIS 33250, at *18-19 (S.D.N.Y. Apr. 20, 2009) (Francis, M.J) (Requiring corporate defendants to produce their federal, state, and local tax returns without redactions, and to produce the tax returns of the individual defendants).

*Defendants Must Produce Any Relevant Audio Files Which Are in Their Possession*

On October 7, 2020, the Plaintiff demanded the Plaintiff's tax returns from the years 2016 to the present. *See*, Exhibit 3 at ¶ 21. In response to this targeted demand, Defendants objected by stating:

> Defendants object to this request as overly broad, vague. unduly burdensome, ambiguous, duplicative and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the above objections, Defendants has produced all relevant documents in its possession.

Exhibit 6 at ¶ 21. These boilerplate objections lack any merit and is specifically targeted so that the Plaintiff receives relevant documents. Moreover, Defendants state that they have produce all relevant documents in their possession, however, during the parties meet and confer, the Defendants admitted that they did not provide any audio files responsive to this demand and further stated they would supplement. The fact that Defendants have refused to produce these files while simultaneously providing a document which they claim is a transcript between the Plaintiff and an individual defendant may evidence underlying misconduct, including, but not limited to, spoliation of evidence and/or fraud. Given this, Defendants should be compelled to respond to this demand or they should be precluded the use of said transcript and audio file in any deposition, motion practice, or trial for the prosecution, defense, or rebuttal of any claim or defense herein.

*Each Defendant Must be Compelled to Verify Their Interrogatory Responses*

Defendants have failed to verify the interrogatory responses. Such failure to execute a verification attesting to the accuracy and completeness of the interrogatory responses violates Rule 33(b)(5) of the Federal Rules of Civil Procedure. As such, each of the Defendants attesting to the accuracy and completeness of each of the interrogatory responses. *See, Potter* v. *Obolensky,* 1988 U.S. Dist. LEXIS 1530 (S.D.N.Y 1988) (rejecting unverified answers as "deficient for want of verification").

*Defendants Boilerplate Objections Must be Stricken*

Throughout their discovery responses, Defendants have used general and/or nonsensical objections. *See*, Exhibits 5, 6. Courts have soundly rejected such blunderbuss, boiler-plate objections as relieving the producing party of its FRCP discovery obligations. *See,* Fed R. Civ. P. 33 ("The grounds for objecting to an interrogatory must be stated with specificity."); Fed. R. Civ. P. 34 ("An objection to part of a request must specify the part and permit inspection of the rest.); As noted above, Defendants' blunderbuss, pro forma, uniform objections to each and every interrogatory have been soundly rejected by the Courts. Defendants may not avoid answering these questions by simply setting forth every conceivable blunderbuss, rote, pro forma objection uniformly in response to all questions posed. Given this, the Defendants must be stricken and they should be required to issue full responsive answers to Plaintiff's discovery demands. *See*, *Leibovitz v. City of New York*, 2017 U.S. Dist. LEXIS 15662 at *4 (SDNY Feb 3, 2017).

*Defendants Must Produce a Privilege Log*

To the extent the Defendants maintain that any response or document is covered by any privilege, Plaintiff is entitled to a privilege log. Such, a request is axiomatic and Defendants refusal to produce such a document further evidences their real motive of delaying the prosecution of this action.

***

The specified discovery requests are clearly legitimate and important areas of inquiry. It is clear that Defendants have engaged in blatant and contumacious conduct in total disregard of FRCP discovery mandates. As such, we respectfully request an Order, pursuant to Rule 37(a) of the Federal Rules of Civil Procedure (1) compelling Defendants fully respond to Plaintiff's demand pursuant to SDNY Local Civil Rule 26.1 dated September 28, 2020 and state the individual defendants' "residence and domicile, and any state or other jurisdiction of which that party is a citizen for purposes of 28 U.S.C. § 1332;" (2) compelling defendants to produce their tax returns; (3) compelling Defendants to produce verifications to the Defendants' responses to Plaintiffs' interrogatories; (4) striking defendants boiler plate objections to the Plaintiffs' discovery demands; (5) compelling production of any audio files which correspond to any transcripts which were produced during discovery or precluding the use of said transcript and audio file in a deposition, motion practice, or trial for the prosecution, defense, or rebuttal of any claim or defense herein; (6) compelling defendants to produce a privilege log to the extent they are asserting any claim of privilege; and (7) awarding Plaintiff attorneys' fees associated with having to make this motion. Should the latter part be granted, we request permission to submit a fee application.

Respectfully Submitted,
LAW OFFICE OF WILLIAM CAFARO

_____
By: Amit Kumar, Esq. (AK 0822)
*Attorneys for Plaintiffs*

Defendants are directed to respond by January 7, 2021. The response shall not exceed three pages. The parties are directed to appear before the Court for a telephonic conference on January 19, 2021 at 11:00 a.m. The parties shall call (877) 411-9748 at that time and use access code 3029857, followed by the pound (#) sign.

So ordered.

_____
Edgardo Ramos, U.S.D.J
Dated: 1/4/2021
New York, New York

Page **4** of **4**