UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEOCADIO JIMENEZ,

                  Plaintiff,

– *against* –

BOSIE, LLC d/b/a BOSIE TEA PARLOR, MARIA ARUN TEAS INC., NILESH DAWDA, and JESSICA MASSIAS,

                  Defendants.

**OPINION & ORDER**

19 Civ. 11570 (ER)

RAMOS, D.J.:

    Leocadio Jimenez brought this action against Bosie, LLC d/b/a Bosie Tea Parlor, Marie Arun Teas, Inc., Nilesh Dawda, and Jessica Massias alleging failure to pay overtime and provide wage statements and notices in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Doc. 1. Pending before the Court is Dawda's motion to dismiss based on lack of personal jurisdiction and insufficient service of process, pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(5). Doc. 35. For the reasons set forth below, Dawda's motion is DENIED.

## I.    BACKGROUND

    Jimenez's claims arise from his employment at Bosie Tea Parlor and Maria Arun Teas (collectively, the "Tea Parlor"), which is located at 506 LaGuardia Place in Manhattan. Doc. 1 ¶¶ 4, 6. Jimenez worked there from June 15, 2013 to August 15, 2019. *Id.* ¶ 45. Dawda and Massias are alleged to be principals, officers, and/or managers of the Tea Parlor. *Id.* ¶¶ 8, 16.

Jimenez purportedly served Dawda the complaint on February 4, 2020 at the Tea Parlor by leaving process with Massias, who allegedly identified herself to Jimenez as Dawda's co-worker. *See* Doc. 8 at 1. Jimenez later mailed the process to the Tea Parlor address. *Id.*

After Dawda failed to file a notice of appearance or an answer to the complaint, Jimenez filed a proposed Order to Show Cause for Default Judgement, which was scheduled for a hearing before the Court on August 12, 2020. *See* Docs. 12 and 19. Defendants filed their Notice of Appearance on August 11, 2020. *See* Doc. 26. At the August 12, 2020 hearing, the Court denied Jimenez's application for default judgement and permitted the Defendants to answer or otherwise respond to the complaint.[1]

On September 9, 2020, Dawda filed the instant motion to dismiss. Docs. 33 and 35.

## II. DISCUSSION

### A. Personal Jurisdiction

#### 1. Legal Standard

"In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists." *Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 167–68 (2d Cir. 2015) (quotation omitted). As the Court evaluates a Rule 12(b)(2) motion, it must construe all of the plaintiff's allegations as true and resolves all doubts in his favor. *Casville Invs., Ltd. v. Kates*, No. 12 Civ. 6968 (RA), 2013 WL 3465816, at *3 (S.D.N.Y. July 8, 2013) (citing *Porina v. Marward Shipping Co.*, 521 F.3d 122, 126 (2d Cir. 2008)). "However, a plaintiff may not rely on conclusory statements without any supporting facts, as such allegations would 'lack the factual specificity necessary to confer jurisdiction.'" *Art Assure Ltd., LLC v. Artmentum GmbH*, No. 14 Civ. 3756 (LGS), 2014 WL 5757545, at *2 (S.D.N.Y. Nov. 4, 2014) (quoting *Jazini*

---

[1] Defendants filed their answer on August 19, 2020. *See* Doc. 30. The answer alleges that Dawda was not properly served in this action. *Id.* at 1 n.1.

2

*v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 185 (2d Cir. 1998)). As Rule 12(b)(2) motions are "inherently . . . matter[s] requiring the resolution of factual issues outside of the pleadings," courts may rely on additional materials when ruling on such motions. *John Hancock Prop. & Cas. Ins. Co. v. Universale Reinsurance Co.*, No. 91 Civ. 3644 (CES), 1992 WL 26765, at *1 n.1 (S.D.N.Y. Feb. 5, 1992); *accord Darby Trading Inc. v. Shell Int'l Trading and Shipping Co.*, 568 F. Supp. 2d 329, 334 (S.D.N.Y. 2008).

**2. Analysis**

Dawda argues that Jimenez's complaint is devoid of any allegations regarding personal activity during his visits to New York that would grant the Court authority to assert jurisdiction. In determining personal jurisdiction over a non-domiciliary, New York courts engage in a two-step analysis. *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010) (citing *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 243–44 (2d Cir. 2007)). The first step is the application of New York's long-arm statute. *Id*. If the exercise of personal jurisdiction is deemed appropriate pursuant to the long-arm statute, the second step is to determine "whether personal jurisdiction comports with the Due Process Clause of the United States Constitution." *Id*. at 164.

    *a. New York Long-Arm Statute*

Under C.P.L.R. § 302(a)(1), a court may exercise jurisdiction over a non-domiciliary defendant when he "transacts any business within the state or contracts anywhere to supply goods or services in the state." C.P.L.R. § 302(a)(1). Transacting business is defined as purposeful activity, meaning "some act by which the defendant purposefully avails [himself] of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d. Cir. 2007). Section 302(a)(1) is a "single act" statute, meaning "a single transaction of sufficient quality may invoke jurisdiction,

provided that the transaction was purposeful, and the necessary relationship between the transaction and the claim asserted exists." *Id*. at 248. When a defendant's remote communications effectuate some purposeful business in New York, personal jurisdiction will be found even if a defendant never actually entered the state. *Rich v. Fox News Network, LLC*, No. 18 Civ. 2223 (GBD) (SN), 2020 WL 6276026, at *3 (S.D.N.Y. Sept. 15, 2020*)*.

Jimenez alleges actions by Dawda that constitute transacting business in New York. Specifically, the complaint alleges that Dawda is one of the "ten largest shareholders" of the Tea Parlor and owns all the beneficial interest of the business. Doc. 1 ¶¶ 9, 36. Dawda is also listed as a principal officer of Bosie Tea Parlor in a filing with the New York State Liquor Authority. *Id*. ¶¶ 13, 21. The complaint further alleges that Dawda was in charge of all managerial functions, including hiring, work schedules, and rates and methods of payments for each employee. *Id*. ¶¶ 35, 56–65. In response, Dawda proffers an affidavit countering the allegations in the complaint and alleging that he is a resident of the United Kingdom and only visits New York a few times a year. *See* Doc. 35-7 ¶ 3. According to Dawda, he does not have any say in the Tea Parlor's daily decision-making. *Id*. ¶ 4.

The Court concludes that it has personal jurisdiction over Dawda. When a plaintiff sufficiently alleges personal jurisdiction for pleading purposes, and the Defendant counters, the Court must resolve any conflicts or ambiguities in the plaintiff's favor. *New York v. Hatu*, No. 18 Civ. 848 (PAE), 2019 WL 2325902, at *5 (S.D.N.Y. May 31, 2019). To sufficiently allege personal jurisdiction over a corporation's officer, the plaintiff must show that an officer transacted business while acting on behalf of his employer. *Group One Ltd. v. GTE GmbH*, No. 20 Civ. 2205 (MKB), 2021 WL 1727611, at *8 (E.D.N.Y. Feb. 3, 2021); *see also Pilates, Inc. v. Current Concepts Kenneth Endelman*, No. 96 Civ. 0043 (MGC), 1996 WL 599654, at *3 (S.D.N.Y. Oct.

18, 1996). Evidence that establishes a defendant's relationship with a New York-based business working collaboratively to produce a service in New York establishes that the defendant transacted business on behalf of the employer. *Rich*, 2020 WL 6276026, at *3. Long-arm jurisdiction may be established over a defendant that contracts to supply goods or services in New York, even if the defendant never entered the state to negotiate the terms of the contract or effectuate performance. *Boyce v. Cycle Spectrum, Inc.*, 148 F. Supp. 3d 256, 265 (E.D.N.Y. 2015). Here, Jimenez points to the fact that Dawda is listed as a principal officer for the Tea Parlor's 2019 and 2020 liquor licenses. Doc. 38 at 10. In New York, a liquor license grants the owner or possessor of the premises control over the food and beverage. N. Y. Alco. Bev. Cont. Law. § 106(1). The rules and regulations associated with the liquor licensing process inherently create a collaborative relationship between the business and the principal officer's authority to provide a service as it relates to food and beverage. *See Group One Ltd.*, 2019 WL 1727611, at *8. The complaint therefore sufficiently alleges that Dawda transacted business in New York by being listed as a principal officer on the Tea Parlor's liquor licenses.

Because Jimenez sufficiently alleged that Dawda transacted business in New York, the Court concludes that it has specific personal jurisdiction under C.P.L.R. § 302(a)(1).

  *b. Due Process Protections Established Under the Constitution*

Having established that New York's long-arm statute authorizes the exercise of personal jurisdiction over Dawda, the Court must next determine whether that exercise is consistent with due process. *Hatu*, 2019 WL 2325902 at *9. "To establish personal jurisdiction over a defendant, due process requires a plaintiff to allege (1) that a defendant has certain minimum contacts with the relevant forum, and (2) that the exercise of jurisdiction is reasonable in the circumstances."

5

*Eades*, 799 F.3d at 168–69 (quoting *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013)).

Regarding minimum contacts, the Court must "evaluate the quality and nature of the defendant's contacts with the forum state under a totality of the circumstances test." *Id*. at 169 (quoting *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 170 (2d. Cir. 2013)). Where specific jurisdiction is asserted, "minimum contacts necessary to support such jurisdiction exist where the defendant purposefully availed itself of the privilege of doing business in the forum and could foresee being haled into court there." *Id*. (quoting *Licci*, 732 F.3d at 170)).

"If minimum contacts exist, the defendant has to 'present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" *Id.* (quoting *Licci*, 732 F.3d at 173). Ultimately, "[r]easonableness hinges on whether the assertion of jurisdiction comports with 'traditional notions of fair play and substantial justice.'" *Chatwal Hotels & Resorts LLC v. Dollywood Co.*, 90 F. Supp. 3d 97, 107 (S.D.N.Y. 2015) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The Court considers five factors when determining reasonableness:

> (1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies.

*Eades*, 799 F.3d at 169 (quoting *Chloe*, 616 F.3d at 164).

As an initial matter, "[b]ecause the New York long-arm statute is more restrictive than the federal due process requirements, by virtue of satisfying the long-arm statute[,] the minimum contacts and reasonableness requirements of due process have similarly been met." *Chatwal*, 90 F. Supp. 3d at 108; *see also Licci*, 673 F.3d at 60–61 (noting that "[t]he New York long-arm statute

does not extend in all respects to the constitutional limits"). Regardless, the five factors indicate that the exercise of jurisdiction is reasonable. Dawda does not plead to the contrary, but rather, focuses the crux of his argument on the second issue—insufficient service. The Court therefore concludes that both the minimum contacts and requirements of due process have been met. Accordingly, Dawda's request to dismiss for lack of personal jurisdiction is denied.

## B. Insufficient Service

### 1. Legal Standard

Under Rule 12(b)(5), a case may be dismissed upon a finding that defendants have not been adequately served with process. *See* Fed. R. Civ. P. 12(b)(5). If a defendant challenges service, the plaintiff bears the burden of proof to establish its adequacy. *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010); *see also DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 64 (S.D.N.Y. 2010). A court may look to materials outside the complaint to determine the sufficiency of process and whether it has jurisdiction. *Mende v. Milestone Tech., Inc.*, 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003). Upon a finding that service has not been completed or is otherwise insufficient, courts have discretion to dismiss the case or simply quash the faulty service. *Hilaturas Miel, S.L. v. Republic of Iraq*, 573 F. Supp. 2d 781, 796 (S.D.N.Y. 2008) (citing *Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2d Cir. 1985)).

To evaluate a 12(b)(5) motion, courts look to Rule 4, which governs service of process. Relevant here, Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The Second Circuit has held that Rule 4 should be construed liberally "to further the purpose of finding personal jurisdiction in cases in which the party has received actual notice." *Romandette v. Weetabix Co., Inc.*, 807 F.2d 309, 311 (2d Cir. 1986) (internal quotation marks and citation omitted). Incomplete or improper service may lead a court to dismiss an action "unless it appears that proper service may still be obtained." *Id.* (internal quotation marks and citation omitted). Thus, a court may dismiss an action when it appears that "there is simply no reasonably conceivable means of acquiring jurisdiction over the person of the defendant." *Id.* (quoting *Stanga v. McCormick Shipping Corp.*, 268 F.2d 544, 554 (5th Cir. 1959)).

### 2. Analysis

Under Rule 4(e)(1), a party may serve process within the United States by following the service procedures allowed by the law of the state in which the district court is located. Fed. R. Civ. P. 4(e)(1). New York C.P.L.R. § 308(2) allows personal service upon a natural person

> by delivering the summons within the state to a person of suitable age and discretion at the actual place of business . . . of the person to be served and by . . . mailing the summons by first class mail to the person to be served at his actual place of business in an envelope bearing the legend 'personal and confidential' and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such delivery and mailing to be effected within twenty days of either such delivery or mailing, whichever is effected later.

C.P.L.R. § 308(2).

Dawda does not contest that service of process was delivered to a person of suitable age and discretion at the Tea Parlor address. Dawda argues, however, that service was improper because the Tea Parlor was not his actual place of business at the time of service. "New York courts have construed 'actual place of business' to include (1) a place where the defendant regularly transacts business, or (2) an establishment that the defendant owns or operates, where there is a clear identification of the work performed by her with that place of business." *Velez v.*

8

*Vassallo*, 203 F. Supp. 2d 312, 325 (S.D.N.Y. 2002). A defendant can have more than one "actual place of business" for the purpose of C.P.L.R. § 308. *Id*. at 325. Furthermore, a defendant's "actual place of business" includes "any location that the defendant, through regular solicitation or advertisement, has held out as its actual place of business." C.P.L.R. § 308(6). Defendants that "effectively h[o]ld out" a location as their business address, "and induce[ ] plaintiff's reliance thereon . . . cannot disclaim it as [their] 'actual place of business.'" *Gibson, Dunn & Crutcher LLP v. Global Nuclear Servs. & Supply, Ltd.*, 280 A.D.2d 360, 361 (N.Y. App. Div. 2001); *see also Velez* F. Supp. 2d at 326.

Dawda argues that the service at the Tea Parlor is defective because Dawda has never worked at this address nor held it out as his place of business. More specifically, Dawda claims that, because he is a resident of the United Kingdom, is a silent partner in Bosie, LLC, and only visits New York a few times a year, the Tea Parlor is not his actual place of business. In response, Jimenez claims that Dawda held out the Tea Parlor as his actual place of business by being a silent partner to Bosie, LLC.

The Court agrees with Jimenez. Being an officer or co-owner of the business where C.P.L.R. § 308(2) service was made gives rise to a "clear identification of the work performed by her with that place of business" business under C.P.L.R. § 308(2). *Columbus Realty Inv. Corp. v. Weng-Heng Tsiang*, 226 A.D.2d 259, 259 (N.Y. App. Div. 1996); *see also Velez* F. Supp. 2d at 325. Moreover, "actual place of business" can be established even when the officer and co-owner works mainly from home or appears occasionally at the place of business as it is sufficient that the defendant merely maintained an ownership interest. *Columbus Realty Inv. Corp.*, 226 A.D.2d at 259. Here, Dawda claims to be a silent partner in Bosie, LLC, rendering him an officer or co-

owner of the business. *See id.* Thus, the Court concludes that, regardless of how often Dawda visits New York each year, service at the Tea Parlor satisfies C.P.L.R. § 308(2).

Further, Dawda is listed as a principal on the pending on-premises liquor license application with the New York State Liquor Authority. Other courts in this Circuit have concluded that an individual's name listed as a principal on a liquor license suggests a "general ability to supervise the establishment's operations and enjoy its profits." *J & J Sports Prod., Inc. v. El Ojo Aqua Corp.*, No. 13 Civ. 6173 (ENV) (JO), 2014 WL 4700014, at *4 (E.D.N.Y. Aug. 29, 2014).

Here, the Tea Parlor's liquor license listed Dawda as one of six principals in 2019. Doc. 37-3 at 2. And Dawda is again listed as a principal in the 2020 filing. Doc. 37-5 at 2. Notably, the 2020 liquor license was filed on February 5, 2020—one day after Dawda was served in the instant action. *See* Doc. 8 at 1. Thus, the Court concludes the Tea Parlor is Dawda's actual place of business because he is an officer and co-owner and is listed as a principal on its liquor license. Accordingly, Jimenez's service attempt at the Tea Parlor address conformed to the requirements of C.P.L.R. §308(2) and, therefore, Rule 4(m).

### III. CONCLUSION

For the foregoing reasons, Dawda's motion to dismiss for insufficient service is DENIED. Dawda's request for an evidentiary hearing regard this motion is DENIED as moot. Doc. 39. The parties are directed to appear for an initial conference on August 13, 2021 at 3:30 p.m. The parties are directed to dial (877) 411-9748 at that time and enter access code 3029857, followed by the pound (#) sign. The Clerk of the Court is respectfully directed to terminate the motion, Doc. 35.

It is SO ORDERED.

Dated: July 12, 2021
       New York, New York

                                                EDGARDO RAMOS, U.S.D.J.