UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEOCADIO JIMENEZ,

                *Plaintiff*,

v.

BOSIE, LLC, *doing business as* BOSIE TEA PARLOR, MARIE ARUN TEAS INC., NILESH DAWDA, and JESSICA MASSIAS,

                *Defendants*.

**ORDER**

19 Civ. 11570 (ER)

RAMOS, D.J.

      In December 2019, Plaintiff Leocadio Jimenez filed a complaint against Bosie, LLC, Marie Arun Teas Inc., Nilesh Dawda, and Jessica Massias ("Defendants"). Doc. 1 at 1–17. He brought various employment claims under the Fair Labor Standards Act and the New York Labor Law. *Id.* at 1, 12–17. Following motion practice, the Court denied Defendant Dawda's motion to dismiss. Doc. 48. The Court subsequently held an initial conference and referred the case for mediation. Doc. 49.

      On March 3, 2022, after the Court learned that mediation had been unsuccessful in resolving the claims in this matter, the Court ordered the parties to submit a joint status report. Doc. 55. In compliance with the order, counsel for Jimenez and Defendants submitted a joint status letter on March 10, 2022. Doc. 56. The letter informed the Court that Jimenez failed to attend the mediation conference and counsel had been unable to reach him or otherwise locate him. *Id.* Accordingly, counsel for Jimenez indicated that his office had moved to withdraw from representing him in this action. *Id.*; *see also* Doc. 51; Doc. 53. Counsel further stated that since filing the withdrawal request, his office had been unable to contact Jimenez. Doc. 56.

The Court granted the motion to withdraw. Doc. 57. Additionally, the Court directed Jimenez to either inform the Court that he would proceed *pro se* or otherwise ask new counsel enter an appearance by March 31, 2022. *Id.* The Court warned that failure to do so could result in dismissal for failure to prosecute, and it instructed outgoing counsel to mail a copy of the order to the last known address of Jimenez. *Id.* He was served by mail on March 10, 2022. Doc. 58.

Since then, the Court has not received any further communications, appearances, or pleadings. For the reasons set forth below, the Court now dismisses this action for failure to prosecute under Federal Rule of Civil Procedure 41(b).

## I. Standard

Courts evaluating dismissal under Rule 41(b) must consider the following factors:

(1) the duration of the plaintiff's failures,
(2) whether plaintiff [] received notice that further delays would result in dismissal,
(3) whether the defendant is likely to be prejudiced by further delay,
(4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and
(5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citation and internal brackets omitted). When weighing these factors, "[n]o single factor is generally dispositive." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

## II. Discussion

In the instant case, each *LeSane* factor weighs in favor of dismissal. *First*, over the past seven months, Jimenez has neither complied with the Court's order from March 10, 2022, nor otherwise communicated with the Court. *See* Doc. 57. Significantly, Jimenez' failure to participate in this action extends for an even longer period. As his counsel indicated in his

November 5, 2021, motion to withdraw as counsel, Jimenez failed to attend a mediation that was scheduled to be held on October 21, 2021 — despite multiple confirmations and reminders about the mediation via phone calls, WhatsApp messages, and emails. Doc. 51. Jimenez has thus not taken meaningful action to prosecute this case in approximately one year. And it is well established that "[a] delay of eight months to one year in prosecuting a case falls comfortably within the time frames found sufficient" for dismissal under Rule 41(b). *Salem v. City of New York*, No. 16 Civ. 7562 (JGK), 2017 WL 6021646, at *2 (S.D.N.Y. Dec. 4, 2017) (citation omitted).

*Second*, Jimenez was given clear notice that further delay and failure to respond to Court orders could result in dismissal. Indeed, the Court specifically warned Jimenez that his failure to comply with the Court's March 10, 2022, order could result "in adverse action, including dismissal for failure to prosecute." Doc. 57. The order was mailed to Jimenez at his last known address. *Id.*; Doc. 58.

*Third*, "prejudice to defendants resulting from unreasonable delay may be presumed." *LeSane*, 239 F.3d at 210. Because Jimenez has failed to advance his case for approximately twelve months, the Court perceives no circumstances rebutting this presumption. Moreover, counsel prepared for and appeared for the scheduled October 21, 2021, mediation, as did the Court's Mediation Office, only for Jimenez not to appear or otherwise communicate with his attorneys. *See* Doc. 49; Doc. 51; Doc. 54.

*Fourth*, Jimenez has not taken advantage of his "right to due process and a fair chance to be heard." *LeSane*, 239 F.3d at 209. "[I]t is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts." *Honsaker v. The City of*

*New York*, No. 16 Civ. 3217 (AJN), 2020 WL 6082094, at *3 (S.D.N.Y. Oct. 15, 2020) (quoting *Hibbert v. Apfel*, No. 99 Civ. 4246 (SAS), 2000 WL 977683, at *3 (S.D.N.Y. July 17, 2000)).

*Fifth*, because Jimenez ignored the Court's March 10, 2022, order, failed to appear for a scheduled mediation, and delayed this case for nearly one year, there are no weaker sanctions that could remedy his failure to prosecute this case. Dismissal is appropriate where, as here, a plaintiff "appears to have abandoned the litigation." *Dixon v. Urbanskt*, No. 17 Civ. 1123 (PMH), 2020 WL 4347736, at *3 (S.D.N.Y. July 29, 2020); *McNair v. Ponte*, No. 17 Civ. 2976 (AT) (GWG), 2020 WL 3402815, at *7 (S.D.N.Y. June 18, 2020) (citing abandonment of claims as reason that any other sanction would be less effective).

For all these reasons, the Court dismisses the case with prejudice. The Clerk of Court is respectfully directed to close the case. The Clerk of Court is further respectfully directed to mail a copy of this order to Jimenez at the following address:

Leocadio Jimenez
559 West 140th Street, Apt. 53
New York, NY 10031

It is SO ORDERED.

Dated: October 17, 2022
New York, New York

_____
Edgardo Ramos, U.S.D.J.